Chief Justice Bibb
delivered the Opinion of the Court.
Chides, as lessor of the plaintiff, sued Clarke, in ejectment, in the Montgomery circuit, and therein Clarke was entered as defendant. Chiles obtained a continuance, “and it was ordered by said court, that the defendant recover against the plaintiff, the costs of the continuance” — Clarke died, and his administrators sued a scire facias to have execution.
To this Chiles pleaded that “the said ejectment suit was removed to the Bourbon circuit court, by an order regularly made in said cause, and that tho record thereof still remains in said court of Bourbon;” and prays judgment “if he ought to be compelled to answer to the said writ of scire facias.
To this the plaintiffs demurred, and alleged the, matters of the plea were “not good and sufficient, in law, to bar and preclude the plaintiffs from having and maintaining their said scire facias,” nor are they bound by law “to answer thereunto, wherefore they pray judgment, &c.” and the defendant joined in demurrer. The court gave judgment, that the plea “was good and sufficient in law, to bar the plaintiffs from maintaining their said writ of scire facias, against said defendant.”
The order of Montgomery circuit court, recited in the scire facias, is substantially a judgment.
Upon that judgment a scire facias to have execution on behalf of the administrators, was given by the statute of Westminster, the second chapter, 45; see Coke’s second institute and commentary on that chapter of the statute, fol. 469.
This statute was adopted in Virginia, and by Our constitution, until altered or repealed, and is yet in force. The statute authorising executions to issue for costs of a continuance does not alter, repeal, *391 nor contravene the statute of Westminster, 2nd. Execution being authorized by The statute of Kentucky, the statute of Westminster authorizes a scire facias to have execution.
Removal of a cause by a change of venue, does not remove a judgment previously rendered for the costs of a continuance, and-— —So a scire facias to revive the judgment shall still be in the court that rendered it.
If defendant plead an ill plea in abatement, and plaintiff demur in bar, and the court give judgment in bar, the judgment will be reversed, and judgment in chief directed for plaintiff, unless defendant ask to amend, and not for a discontinuance — Act of 1811.
Triplett for -plaintiff; Muyes for defendants.
The record of the judgment was in Montgomery circuit court; it remains there. The record of that judgment for costs, was not removed to Bourbon by the change of venue. The papers and copies of the orders and proceedings, were transmitted to Bourbon. But the record of the judgment for costs, remains in Montgomery. The scire facias was properly sued, in the Montgomery circuit, being a judicial writ founded on the record. Therefore the plea was ill.
But it has been said that the demurrer is ill, because it is in bar, whereas the plea was in abatement. What then? Did that make the plea good? No. But it is said that by concluding in bar to the plea in abatement, the plaintiffs discontinued their action. Suppose it to be so. Yet that did not authorize the court to render judgment, that the plea was good, and in bar. If the plaintiffs had effected a discontinuance, that should have been the entry, sot of a judgment in bar.
By the statute of 1811, 1 Digest, 262-263, either party is allowed to amend, where the parties can not, in the opinion of the court, proceed, to a fair trial on the merits of the cause, from a defect in the pleadings. The scire facias is sufficient, but the pleadings are defective. The first fault is with the defendant below. Let him plead de novo if he will; if not, judgment must be entered for plaintiffs to have execution.
It is therefore considered by the court, that the judgment aforesaid be reversed; the cause remanded to the circuit court for new proceedings — that the defendant there have leave to plead anew, if he will; if not, that judgment he entered for plaintiffs to have execution, &c. Plaintiffs in this court to recover their costs.